IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ISMAEL HERNANDEZ PADILLA,     §
                                    §
          Petitioner,        §
                                    §
V.                                    §
                                    §     No. 3:13-cv-2273-L-BN
WILLIAM STEPHENS, Director     §
Texas Department of Criminal Justice,     §
Correctional Institution Division,     §
                                    §
          Respondent.     §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Ismael Hernandez Padilla has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily dismissed.

### Background

Petitioner was convicted of aggravated robbery with a deadly weapon and aggravated rape and was sentenced to concurrent terms of fifty years and twenty years of imprisonment. Petitioner has filed numerous state applications for writs of habeas corpus challenging these convictions and the denial of parole, which have been denied on their merits by the Texas Court of Criminal Appeals. *See Ex parte Padilla,* WR-20,423-01 (Tex. Crim. App. Sept. 13, 1989) (aggravated robbery); *Ex parte Padilla,* WR-20,423-02 (Tex. Crim. App. Oct. 18, 2000) (aggravated robbery); *Ex parte Padilla,* WR-20,423-03 (Tex. Crim. App. Oct. 18, 2000) (aggravated rape); *Ex parte Padilla,* WR-

20,423-12 (Tex. Crim. App. Oct. 26, 2011) (aggravated rape); *Ex parte Padilla*, WR-20,423-14 (Tex. Crim. App. Feb. 29, 2012) (aggravated robbery); *Ex parte Padilla*, WR-20,423-17 (Tex. Crim. App. Apr. 17, 2013) (aggravated robbery); *Ex parte Padilla*, WR-20,423-19 (Tex. Crim. App. May 22, 2013) (aggravated robbery). Petitioner also filed state writ applications challenging his convictions and the denial of parole that were dismissed as abuses of the writ. *See Ex parte Padilla,* WR-20,423-04 (Tex. Crim. App. Jan. 24, 2001) (aggravated robbery); *Ex parte Padilla,* WR-20,423-13 (Tex. Crim. App. Jan. 18, 2012) (aggravated robbery). Another three state writ applications challenging his rape conviction were dismissed by the Court of Criminal Appeals because the sentence for that offense has been discharged. *See Ex parte Padilla,* WR-20,423-15 (Tex. Crim. App. Feb. 29, 2012); *Ex parte Padilla*, WR-20,423-16 (Tex. Crim. App. Apr. 17, 2013); *Ex parte Padilla*, WR-20,423-18 (Tex. Crim. App. May 22, 2013).

Petitioner has also filed multiple federal habeas petitions. His first federal challenge to the aggravated robbery conviction was denied. *See Padilla v. Johnson*, No. 3:90-cv-1359-D (N.D. Tex. Oct. 24, 1991). His second challenge to that conviction was transferred to the Fifth Circuit as successive, and a certificate of appealability was denied. *See Padilla v. Thaler*, No. 3:12-cv-485-L (N.D. Tex. Mar. 16, 2012), *COA denied*, No. 12-10384 (5th Cir. Aug. 31, 2012). A third habeas challenge, to his aggravated rape conviction, was dismissed for lack of subject matter jurisdiction because he is no longer in custody for that offense. *See Padilla v. Thaler,* No. 3:12-cv-2160-M, 2013 WL 2479705 (N.D. Tex. June 10, 2013). A fourth habeas challenge – to both convictions – was summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and Petitioner was

warned that "sanctions may be imposed against him if he files another application for writ of habeas corpus or federal civil rights claim challenging his aggravated robbery and aggravated rape convictions." *See Padilla v. Thaler*, No. 3:13-cv-1855-N, 2013 WL 3283725, at *1 (N.D. Tex. June 28, 2013).  A habeas challenge to the application of the Texas parole laws to both convictions is still pending before the Court. *See Padilla v. Thaler*, No. 3:13-cv-1702-N (N.D. Tex. rec'd Apr. 30, 2013).[1]

In a pleading dated one day before the undersigned magistrate judge recommended summary dismissal of his last challenge to these two convictions and a sanctions warning, *compare* Dkt. No. 1 at 10, *with  Padilla v. Stephens*, No. 3:13-cv-1855-N-BN, Dkt. No. 6, Petitioner seeks post-conviction relief from both convictions on the grounds that he received ineffective assistance of counsel because his lawyer failed to request DNA testing, a polygraph examination, or a psychiatric evaluation and coerced him into an involuntary guilty plea. He also appears to renew his claims that the state trial court violated his rights to due process and equal protection, his convictions violated the prohibition against double jeopardy; and his convictions were without sufficient evidence. *See* Dkt. No. 1.

_____

[1]     Petitioner has also attempted to bring civil rights lawsuits alleging wrongdoing in connection with his 1983 convictions and the denial of his parole. *See Padilla v. Pride-Richardson,* No. 3:12-cv-486-B (N.D. Tex. Apr. 12, 2012), *appeal dism'd*, No. 12-10467 (5th Cir. May 3, 2013); *see also Padilla v. Pride-Richardson*, No. 3:12-cv-2394-P (N.D. Tex. Aug. 6, 2012); *Padilla v. Jenkins*, No. 3:11-cv-3509-M-BH, 2012 WL 1161643 (N.D. Tex. Mar. 7, 2012), *rec. adopted*, 2012 WL 1174835 (N.D. Tex. Apr. 9, 2012), *appeal dism'd*, No. 12-10437 (5th Cir. Aug. 10, 2012); *Padilla v. Watkins*, 3:11-cv-2232-M-BK, 2012 WL 1058143 (N.D. Tex. Feb. 2, 2012), *rec. adopted*, 2012 WL 1065463 (N.D. Tex. Mar. 29, 2012), *appeal dism'd*, 491 F. App'x 484 (5th Cir. 2012).

**Legal standards**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *Id.* § 2244(b)(3).

A court may dismiss a complaint or any portion thereof filed by a prisoner seeking redress from a governmental entity or employee if it concludes that the allegations are frivolous or malicious. *See* 28 U.S.C. § 1915A(b). A Section 2254 writ that duplicates claims asserted in an earlier-filed action may be deemed malicious and

subject to summary dismissal. *See Brock v. Cockrell,* No. 3:03-cv-340-M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003) (citing *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) and *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir. 1989)).

## Analysis

Petitioner has previously challenged his aggravated robbery conviction in two federal habeas petitions. *See Padilla v. Johnson*, No. 3:90-cv-1359-D (N.D. Tex. Oct. 24, 1991); *Padilla v. Thaler*, No. 3:12-cv-485-L (N.D. Tex. Mar. 16, 2012), *COA denied*, No. 12-10384 (5th Cir. Aug. 31, 2012).   Similarly, Petitioner challenged his aggravated rape conviction in a recent 28 U.S.C. § 2254 case. *See Padilla*, 2013 WL 2479705 at *2. His most recent habeas application raised allegations regarding both convictions. *See Padilla*, 2013 WL 3283725, at *1-*2. This habeas application again challenges his aggravated robbery and aggravated rape convictions. *See* Dkt. No. 1. The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 motion, and Petitioner must obtain such an order before another motion for post-conviction relief may be filed.

In the Court's June 28, 2013 order dismissing his last habeas application, Petitioner was warned that he may be subject to sanctions if he files another application for writ of habeas corpus or federal civil rights claim challenging his aggravated robbery and aggravated rape convictions. *See Padilla*, 2013 WL 3283725, at *1. That warning was issued after Petitioner submitted this habeas case; sanctions therefore are not appropriate at this time. However, Petitioner should be again warned

that sanctions may be imposed against him if he files another application for writ of habeas corpus or federal civil rights claim challenging his aggravated robbery or aggravated rape convictions. In addition to monetary sanctions, Petitioner may be barred from filing any other actions in federal district court without the permission of a United States district judge or United States magistrate judge.

## Recommendation

Petitioner's application for writ of habeas corpus should be summarily dismissed. In addition, Petitioner should be warned that sanctions may be imposed against him if he files another application for writ of habeas corpus or federal civil rights claim challenging his aggravated robbery and aggravated rape convictions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 2, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE