IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ISMAEL HERNANDEZ PADILLA,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2273-L** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institution Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Ismael Hernandez Padilla's ("Padilla" or "Petitioner") Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed pursuant to 28 U.S.C. § 2254 (Doc. 1).

**I.    Background and Discussion**

This case was referred to Magistrate Judge David. L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on July 2, 2013. Because Padilla has filed four prior federal habeas actions and numerous other state habeas petitions challenging either his conviction for aggravated robbery or rape, or both, and has not obtained an order from the Fifth Circuit permitting him to file this successive habeas Petition, the magistrate judge recommends that Padilla's successive Petition be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b). The magistrate judge further recommends that Padilla be warned again regarding the consequences of continuing to file additional frivolous habeas actions in the future.

Padilla filed objections to the Report on July 11, 2013, based on the merits of his claims. Padilla's objections, however, do not address the magistrate judge's determination that his habeas is successive in nature and that he was therefore required to obtain permission from United States Court of Appeals for the Fifth Circuit before again challenging his conviction or sentence in the district court. The objections are therefore **overruled as moot**.

After carefully reviewing the pleadings, file, record in this case, and the Report, the court **accepts in part and rejects in part** the findings and conclusions of the magistrate judge. The four federal habeas cases referenced in the Report are: (1) *Padilla v. Johnson*, No. 3:90-CV-1359-D (denying section 2254 habeas petition challenging robbery conviction based on the merits and dismissing the action); (2) *Padilla v. Thaler*, No. 3:12-CV-485-L (dismissing successive section 2254 habeas petition challenging robbery conviction for lack of subject matter jurisdiction and transferring to the Fifth Circuit); (3) *Padilla v. Thaler*, No. 3:12-CV-2160-M (dismissing section 2254 habeas petition challenging rape conviction for lack of jurisdiction because Padilla had completed sentence for rape conviction and was not in custody for the conviction when he filed his habeas petition); and (4) *Padilla v. Thaler*, No. 3:13-CV-1855-N (summarily dismissing as frivolous, pursuant to 28 U.S.C. § 1915A(b), section 2254 successive habeas petition challenging rape and robbery conviction).

In this case, Padilla challenges both his aggravated robbery and rape convictions. Padilla contends that he was denied due process and equal protection because his state appointed counsel failed to: (1) present DNA testing evidence, (2) give him a polygraph and psychiatric test, and (3) advise him adequately regarding the consequences of pleading guilty. Padilla also contends that he was coerced or tricked by counsel into pleading guilty and was not told that the state did not have

sufficient evidence to support a conviction. In *Padilla v. Johnson*, No. 3:90-CV-1359-D, Padilla similarly challenged his robbery conviction based on the sufficiency of evidence and his guilty plea. As noted, Padilla's petition and claims in this case were decided on the merits, and the action was dismissed. Subsequently, in *Padilla v. Thaler*, No. 3:12-CV-485-L, Padilla asserted claims based on ineffective assistance of counsel and contended that if he had been given a polygraph test and not pleaded guilty, a jury would not have found him guilty. The Fifth Circuit, based on the reasoning in *In re Cain*, 137 F.3d 234, 235-36 (5th Cir. 1998), concluded that Padilla's claims in *Padilla v. Thaler*, No. 3:12-CV-485-L, were successive because they could have been raised in his first habeas application challenging his conviction. The Fifth Circuit therefore denied Padilla's request for authorization to file a successive section 2254 application. Based on the same reasoning, the court concludes that Padilla's Petition is successive because the claims asserted in this case could have been or were raised in his first and other prior habeas applications. *See Strickland v. Thaler*, 701 F.3d 171, 174-75 (5th Cir. 2012) ("Although § 2244(b) does not set forth what constitutes a second or successive application, we have held that a later § 2254 application is successive when, among other things, it raises a claim challenging the petitioner's conviction or sentence that was raised in an earlier application.") (internal quotation marks omitted); *In re Cain*, 137 at 235-36 (explaining that a later petition is successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition.").

    The court therefore **accepts** the magistrate judge's determination that Padilla's Petition as to his robbery conviction is successive and that he is therefore required to obtain permission from the United States Court of Appeals for the Fifth Circuit before challenging his robbery conviction or sentence in the district court. The court, however, **rejects** the magistrate judge's recommendation

that the Petition as to his robbery and rape conviction be summarily dismissed as frivolous under 28 U.S.C. § 1915A(b).

Regarding Padilla's Petition *as to robbery conviction*, the court instead determines that it should be dismissed for lack of subject matter jurisdiction and transferred to the United States Court of Appeals for the Fifth Circuit. *Strickland*, 701 F.3d at 174-75 ("Under § 2244(b)(3)(A), a district court is barred from asserting jurisdiction over a claim presented in "a second or successive application" unless we grant the petitioner permission to file the application.") (quoting *United States v. Keys*, 205 F.3d 773 (5th Cir. 2000)).

Regarding Padilla's Petition *as to his rape conviction*, Padilla is no longer in custody on his rape conviction. *Padilla v. Thaler*, 3:12-CV-2160-M, 2013 WL 2479705, at *2 (N.D. Tex. June 10, 2013) (dismissing habeas petition challenging rape conviction for lack of jurisdiction). Padilla's twenty-year sentence was discharged on August 31, 2003. *Id.* As explained by the court in *Padilla v. Thaler*, 2013 WL 2479705:

> A federal court may consider a writ of habeas corpus only "on behalf of a person in custody. . . . in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A petitioner satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time he files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968). A petitioner is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Id.*

*Id.* Accordingly, the court determines that Padilla's Petition as to his rape conviction should be dismissed without prejudice for lack of subject matter jurisdiction.

**II. Conclusion**

For the reasons herein explained, the court **accepts in part and rejects in part** the findings and conclusions of the magistrate judge. The court **rejects** the magistrate judge's recommendation that the Petition as to his robbery and rape conviction be summarily dismissed as frivolous under 28 U.S.C. § 1915A(b). The court, however, **accepts** the magistrate judge's determination that Padilla's Petition as to his robbery conviction is successive and that he is therefore required to obtain permission from the United States Court of Appeals for the Fifth Circuit before challenging his robbery conviction or sentence in the district court.

Accordingly, the court concludes that Padilla's Petition for Writ of Habeas Corpus by a Person in State Custody, *as to his robbery conviction*, is successive and is therefore **dismissed without prejudice** for lack of subject matter jurisdiction. The clerk of the court is directed to **transfer** this case to the United States Court of Appeals for the Fifth Circuit *to the extent that it relates to Padilla's robbery conviction*. The court further concludes that it lacks subject matter jurisdiction over Padilla's Petition *as to his rape conviction* because he is no longer in custody for that conviction. The court therefore **dismisses without prejudice** for lack of subject matter jurisdiction Padilla's Petition for Writ of Habeas Corpus by a Person in State Custody *as to his rape conviction.* Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has

---

\* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required

failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**The court admonishes Petitioner that sanctions will be imposed, as the court deems appropriate, against him if he files another successive habeas application without first obtaining permission from the Fifth Circuit or files a frivolous federal civil right claim challenging his aggravated robbery and aggravated rape convictions. In addition to monetary sanctions, Petitioner may be barred from filing any other actions in federal district court without the permission of a United States district judge or United States magistrate judge.**

**It is so ordered** this 24th day of July, 2013.

Sam A. Lindsay
United States District Judge

---

by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability

**Order – Page 6**